| 57 | 259 |
| 104 | 316 |
| 57 | 259 |
| 155 | ¹477 |

## GEO. MOOMEY v. GEO. F. PEAK AND MARIA RICHARDS.

*Negligence—Sparks from steam-thresher.*

1. Sparks from a steam-thresher set fire to some hay stored on the premises. The owner of the hay was plowing in the same field, but had made no protest against the use of the thresher. In an action by him for the negligent destruction of the hay, it was *held* that in the absence of proof that he had any special knowledge of the risk of using such machinery, or of the skill and competency of those who

had charge of it, he was entitled to an instruction that if he did not consent to, or participate in what was done, he was not guilty of contributive negligence.

2. In an action for negligent injury to property rightfully stored on another's premises, it is unimportant that a third person was joint owner of it with the plaintiff, or that defendant was not aware of plaintiff's interest: plaintiff was not bound to give notice of his interest.

Error to St. Joseph. (Pealer, J.)   June 3—June 10.

CASE.   Plaintiff brings error.   Reversed.

*Paul Eaton* and *William Sadler* for appellant, cited as to contributive negligence, *Cummings v. Nat. Furnace Co.* 60 Wis. 603; *Dewire v. Bailey* 131 Mass. 169; *Brusberg v. M. L. S. & W. R. Co.* 55 Wis. 106; *Johnson v. C. R. I. & P. R. Co.* 58 Ia. 381.

*F. W. Knowlen* and *Dallas Boudeman* for appellees. Consent or its equivalent amounts to contributory negligence: *Snyder v. Pittsburgh &c. R. Co.* 11 W. Va. 14.

COOLEY, C. J.   This action is in case for the negligent burning by defendants of certain hay belonging in part to the plaintiff.

The facts as developed on the trial are that in the season of 1882–83, the defendant Richards raised a crop of wheat on shares on the farm of one Sloat, with the privilege of placing the same in a certain barracks on the farm until it was threshed. In June, 1883, the plaintiff cut hay on the farm of Sloat on shares, and with the assent of Sloat it was stacked in the same barracks where the wheat was to be placed when harvested. Plaintiff knew that the wheat was to be placed there, and also that it would be threshed there.

In August, 1883, defendant Richards engaged defendant Peak to go with his steam-thresher and thresh the wheat, and he did so, placing his thresher forty feet, or thereabouts, from the hay. Sloat was there and assisted in locating the thresher, and in placing the separator so as to throw the straw where he wished it stacked. There was some evidence in the case that plaintiff was about there when this was done,

but it was denied. It was shown, however, that during the whole of the time that the threshing was going on plaintiff was plowing in the field where the thresher stood, and not far from it; and that he made no protest, and interposed no objection to what was being done.

After the thresher started the wind began blowing strongly, carrying the smoke from the engine directly over the hay. In the course of the forenoon the collar of a horse standing near the engine took fire, but whether from the engine was not clearly shown. The threshing was continued after this until the hay caught fire, and that, together with the wheat, was consumed.

Neither of the defendants knew that plaintiff was part owner of the hay, and it was claimed by them in this Court that they had a right to assume that Sloat, who was in possession of the farm, was sole owner. It was also claimed that they had a right to go to the jury on the question whether plaintiff was not chargeable with contributory negligence.

After the evidence was in, plaintiff requested the court to instruct the jury on the question of contributory negligence as follows:

"Contributive negligence is where one so acts as to contribute by direct consent to or participation in the wrong complained of; and if Moomey did not consent to what was done there on the day of the fire, or did not by any act of his participate therein, then he in contemplation of the law, did not contribute to the burning complained of."

The request was declined, and the following given instead:

"It is claimed that the plaintiff himself is at fault somewhat. Now, it is true that where a party brings an action to recover upon the ground of negligence, even though defendants may be very negligent, yet, if the plaintiff himself was negligent also, and his negligence contributed in any way to the injury, he cannot recover. That is true as a matter of law. It is claimed that the plaintiff in this case is at fault also, as well as the defendant—that is, the defendant claims this—and that plaintiff can not recover for this reason. It is true that if the plaintiff was negligent in the matter as well as the defendant, and his negligence in any way

contributed to the injury, then he can not recover. If he knew what they knew, and his negligence contributed to the injury, then he cannot recover even if the defendants were negligent. In other words, if the plaintiff had been present, or as young Sloat testified he was, and knew what he says he knew,—that is, took part in the transactions, was present when the machine was located, saw what was going on, knew about the fire, known that, and suffered the machine to run without protest or objection,—he could not recover, and it would be my duty here now to instruct you that you should bring in a verdict of no cause of action if that had been the situation. Cases have already been disposed of where such has been the situation, where the party himself who was having the threshing done was upon the ground, and has an opportunity to see and know what is going on, and understood the danger as well as the man who was running the machine. If, in such case, the fire takes place, he is said to be a party in fault as well as the party setting the machine. It would be his duty, under such circumstances, if he felt there was danger that it was unsafe, to refuse to allow the work to continue,—to protest against it. If he was satisfied with it, then he could not complain if injury actually resulted. I invite your close attention because it largely depends upon what the plaintiff knew himself. If the plaintiff had known of all the elements of danger there, and made no objection, he could not recover in this case. I further charge you that if he had known of all the elements of danger that they knew of, and made no protest, he could not recover; and, under such circumstances, as a matter of law, we must say that he acquiesced in the arrangements when he understands fully just the situation as well as the defendants, and his omission to protest against it would be claimed in law as negligence. Therefore it is for you all the while to determine what he knew. You are to settle what he knew, and then apply these principles of law. Did he know that they were threshing and using the machine? Did he know where they were located? You will remember the testimony about that,—whether or not he claimed to have known, or whether he didn't, and what the other witnesses said. Did he know which way the wind was blowing? Did he know what kind of wood they were using? I remember no evidence tending to show that he did know about the wood. If there was any, you will remember about it; it is your duty to remember it. If there was none, you will remember about that. You will consider, of course, whether

the wood used increased the danger in any way. Witnesses have testified about that, one one way, and one the other; perhaps more. It is for you to determine how that is,— whether this wood was such as to increase the danger there, and whether this man knew anything about it. Matters that he did know and did not complain of, he cannot complain of now; but matters that he did not know he is not answerable for. There is nothing that tends to show that he knew anything of the wrapping around the horse's collar taking fire, so far as I remember it. If there is anything, you will remember it, and it will be your duty to give that such weight as it is entitled to, or that he knew that the sparks were actually falling near the hay, and it will be for you to determine now whether there was any evidence at all that tends to show that sparks did fall there at any time. That is the business for you, not for the court, and whether he knew anything about it. If he didn't know any of this class of facts, if they took place, he cannot be in fault in regard to them for not protesting to them, and forbidding them continuing the work there. If he knew the wind was high and blowing from the direction it was, and there was no other circumstance changing the case, and he made no objection, he could not now be heard to complain, but he cannot be said to have acquiesced in what he did not know of. If he didn't know what the danger was, he wouldn't, of course, be required to make a protest. It is a question for you to settle how far he knew the danger existed. He had a right if he didn't know of special circumstances there that made it dangerous. He had a right to presume these parties would set the machine so as not to endanger the barrack of hay. If he didn't know the location he had a right to presume this, if he didn't know about the other circumstances that would tend to make it more dangerous; but if he knew it, it was his duty to notify them, and protest so far as that matter is concerned. If he knew the wind was blowing in that direction, and the smoke was passing over there, so far as that particular item was concerned, and he made no protest about it, then he cannot protest on that particular ground now. The mere fact that he knew that Mrs. Richards owned this wheat, and that she was going to have it threshed there, and that they were going to use an engine, and that he knew where they designed to have the straw stacked, these matters would not prevent his recovery here. These are circumstances to be taken into consideration with the other testimony upon the question of his knowledge as to what was

going on, and how far he approved of what they were doing. The fact the defendants didn't intend to burn the hay, or acted in good faith, will not excuse them. In this class of cases the parties who were in fault are the parties that must suffer. It is the only way we can determine the right of parties. Oftentimes injury occurs to one person by the act of another when that party didn't intend to do him harm, but by doing something negligently, carelessly, causes him a great injury. In all such cases the question is, who is at fault, and the plaintiff must be without fault as to matter that caused the injury."

We think the plaintiff was entitled to the instruction which he requested, and that the error in refusing it was emphasized in the instruction actually given. We do not find in the record any evidence fairly tending to fix upon the plaintiff the charge of contributory negligence. It does not appear that he was an expert in the matter of operating steam machinery, or that he had any special knowledge of the dangers attending the use of machines of this character, or that he knew whether the particular machine was or was not ordinarily safe. Machines of the kind are in common use, and the plaintiff might reasonably infer that this would not be the case unless the use in the hands of a careful and competent person would be safe. If Peak was wanting in either prudence or competency, the plaintiff is not shown to have been aware of it; and if he had interfered in Peak's business, the parties who now charge him with negligence in failing to do so would very likely have treated his intermeddling as an impertinence. He was certainly chargeable with no legal fault for assuming that another, for whose conduct he was not responsible, would manage his own business with skill and prudence, and that one who had practical acquaintance with a business would understand its dangers better than one who was ignorant of it.

The fact that Sloat was joint owner with plaintiff of the hay had no bearing on plaintiff's right to a recovery. Neither was it important that defendants were not aware of plaintiff's interest. The hay was rightfully where it was; it was the duty of every one, whether knowing of the ownership or not,

to avoid negligent injury to it. The plaintiff was under no obligation to any one to give notice of his interest, and could not therefore lose rights by a failure to do so.

Whether Peak, under the circumstances, was to be considered the servant of Mrs. Richards, so as to make her responsible for his negligence, is a question not made on the argument, and therefore not considered.

A new trial must be ordered.

The other Justices concurred.